IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT DANIEL REEVES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:05CV939-B |
| ) | |
| SETTLEMENT CAPITAL CORP., ) | (Removed from the Circuit Court of |
| TRAVELERS LIFE AND ANNUITY CO., ) | Montgomery County, CV-05-2236) |
| THE TRAVELERS LIFE INSURANCE ) | |
| CO., THE TRAVELERS INDEMNITY CO., ) | |
| and TRAVELERS PROPERTY ) | |
| CASUALTY CORP.; ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, et seq., Defendants The Travelers Life and Annuity Co., The Travelers Life Insurance Co., The Travelers Indemnity Co., and The Travelers Property Casualty Corp. (all four properly known in this action as Metropolitan Life Insurance Company) ("MetLife") and Settlement Capital Corporation (collectively "Defendants") hereby give notice of the removal of this action from the Circuit Court of Montgomery County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, Defendants show as follows:

1.      This action was commenced against Defendants in the Circuit Court of Montgomery County, Alabama, on August 29, 2005 when Plaintiffs' Complaint was filed. True and correct copies of all the pleadings, process, and orders served upon Defendants in said action are attached hereto as Exhibit A and incorporated herein.

1/1378434.1

2. Less than thirty days have passed since MetLife was served and MetLife was the first defendant served. The initial pleading setting forth the Plaintiff's claims for relief was first received by MetLife on September 9, 2005, when the Complaint was served. Because this Notice of Removal is filed within thirty (30) days of receipt of the Plaintiff's Summons and Complaint, it is timely under 28 U.S.C. § 1446(b).

3. On information and belief, Plaintiff Robert Daniel Reeves is now, and was at the time of the commencement of this action, a citizen of the State of Alabama.

4. According to 28 U.S.C §1332(c)(1), "for the purposes of this section and section 1441 of this title … a corporation shall be deemed to be a citizen of any state where it is incorporated and of the state where it has its principal place of business."

5. Defendant MetLife is now, and was at the time of the commencement of this action, an insurance company organized in the State of New York and with its principal place of business in the State of New York.

5. Defendant Settlement Capital Corp. is now, and was at the time of the commencement of this action, incorporated under the laws of the State of Texas, with its principal place of business in the State of Texas.

6. Defendants Travelers Life and Annuity Co., The Travelers Life Insurance Co., The Travelers Indemnity Co., and Travelers Property Casualty Corp. are now, and were at the time of the commencement of this action, incorporated under the laws of the State of Connecticut, with their principal places of business in the State of Connecticut.

7. There exists diversity of citizenship for this action, for the purposes of 28 U.S.C. § 1332(a), because no Plaintiff in this action is a citizen of a State of which any Defendant is a citizen.

8. The alleged amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Plaintiff's Complaint claims that Defendants violated a federal Decision and Order Approving Settlement, which was decided by a United States Department of Labor Administrative Law Judge. Resolution of this dispute depends upon an interpretation of the federal order.

10. Plaintiff's Complaint states that the federal law judge settled a worker's compensation claim, which was filed under the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. 901, *et seq.*, ("Act") together with the regulations governing the administration of the Act, 20 C.F.R. §701 (1984). Plaintiff's claim requires the interpretation of this Act, which is a law of the United States, for purposes of 28 U.S.C. § 1331.

11. Plaintiff's "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).

12. Because Plaintiff alleges a claim arising under a law of the United States, United States District Courts have original jurisdiction of this action under 28 U.S.C. § 1331. This case is thus removable to this Court pursuant to 28 U.S.C. § 1441.

13. This Court has supplemental jurisdiction of any claims of which this Court might find it does not have original jurisdiction, because such claims, if any, are so related to Plaintiffs' claims arising under the laws of the United States that they form part of the same case or controversy. 28 U.S.C. § 1367.

14. Settlement Capital Corporation ("SCC") joins in this removal, as reflected in the Joinder in Notice of Removal, attached hereto as Exhibit B.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama, and is being served on all adverse parties.

WHEREFORE, Defendants pray that this Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Montgomery County, Alabama, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Montgomery County, Alabama.

DATED this 30th day of September, 2005.

_____
James S. Christie, Jr. (CHR011)
Laura A. Palmer (PAL019)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Attorneys for Defendants
Travelers Life and Annuity Co., The Travelers
Life Insurance Co., The Travelers Indemnity
Co., and Travelers Property Casualty Corp.
(properly known as Metropolitan Life Insurance
Company)

1/1378434.1                              4

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

J. Knox Argo, Esq.
J. Knox Argo, P.C.
6706 Taylor Circle
Montgomery, AL 36117
Phone: (334) 279-0088
Fax:    (334) 279-8830
knox@jknoxargopc.com
Attorney for Plaintiff

Joseph D. Steadman, Esq.
Dodson & Steadman, P.C.
P.O. Box 1908
Mobile, AL 36633-1908
Phone: (251) 690-9300
Fax:    (251) 690-9311
jds@dodsonsteadman.com
Attorney for Defendant
Settlement Capital Corporation

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 30th day of September, 2005.

Respectfully submitted,

*/s/ Laura A. Palmer*
James S. Christie, Jr. (CHR011)
Laura A. Palmer (PAL019)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL  35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jchristie@bradleyarant.com
lpalmer@bradleyarant.com

1/1378434.1                                         5