IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 OCT -3  A 10:19

| | |
|---|---|
| ROBERT DANIEL REEVES ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.. 2:05cv939-m |
| v. ) | |
| ) | (Removed from the Circuit Court of |
| SETTLEMENT CAPITAL CORP., ) | Montgomery County, CV-05-2236) |
| TRAVELERS LIFE AND ANNUITY CO., ) | |
| THE TRAVELERS LIFE INSURANCE ) | |
| CO., THE TRAVELERS INDEMNITY CO., ) | |
| and TRAVELERS PROPERTY ) | |
| CASUALTY CORP.; ) | |
| ) | |
| Defendants. ) | |

## ANSWER

In response to each separately numbered paragraph of Plaintiff's complaint, Defendants Travelers Life and Annuity Co., The Travelers Life Insurance Co., The Travelers Indemnity Co., and Travelers Property Casualty Corp. (all four properly known in this action as Metropolitan Life Insurance Company) ("MetLife") state as follows:

1. MetLife admits that Plaintiff is a citizen of Alabama.

2. MetLife admits that Settlement Capital Corporation ("SCC") is a citizen of Texas, not Alabama. Otherwise, MetLife denies the allegations of Paragraph 2.

3. Defendants Travelers Life and Annuity Co., The Travelers Life Insurance Co., The Travelers Indemnity Co., and Travelers Property Casualty Corp. admit that they are all four properly known in this action as Metropolitan Life Insurance Company ("MetLife"). MetLife further admits that it is not a citizen of Alabama. Otherwise, MetLife denies the allegations of Paragraph 3.

1/1378962.1

4. MetLife incorporates and adopts paragraph 3. Otherwise, MetLife denies the allegations of Paragraph 4.

5. MetLife incorporates and adopts paragraph 3. Otherwise, MetLife denies the allegations of Paragraph 5.

6. MetLife incorporates and adopts paragraph 3. Otherwise, MetLife denies the allegations of Paragraph 6.

7. MetLife admits that CT Corporation receives service of process for MetLife in Alabama. Otherwise, MetLife denies the allegations of Paragraph 7.

8. MetLife is without sufficient knowledge of the allegations in Paragraph 8 to admit or deny said allegations.

9. MetLife is without sufficient knowledge of the allegations in Paragraph 9 to admit or deny said allegations.

10. MetLife is without sufficient knowledge of the allegations in Paragraph 10 to admit or deny said allegations.

11. MetLife is without sufficient knowledge of the allegations in Paragraph 11 to admit or deny said allegations.

12. MetLife is without sufficient knowledge of the allegations in Paragraph 12 to admit or deny said allegations.

13. MetLife is without sufficient knowledge of the allegations in Paragraph 13 to fully admit or deny said allegations. Otherwise, MetLife denies the allegations of Paragraph 13.

14. MetLife is without sufficient knowledge of the allegations in Paragraph 14 to fully admit or deny said allegations. Otherwise, MetLife denies the allegations of Paragraph 14.

15.-18. Denied.

19. MetLife is without sufficient knowledge of the allegations in Paragraph 19 to fully admit or deny said allegations. Otherwise, MetLife denies the allegations of Paragraph 19.

20. Denied.

In response to Plaintiff's prayer for relief, MetLife denies that Plaintiff is entitled to any judgment or award, damages, benefits, or any interlocutory injunction whatsoever as alleged in his Complaint and further denies that Plaintiff is entitled to any attorneys' fees, costs or other relief.

## FIRST DEFENSE

The Complaint and each count thereof fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claim is barred by failing to file a timely claim.

## THIRD DEFENSE

Plaintiff is barred by the statute of limitations.

## FOURTH DEFENSE

Plaintiff is barred from any recovery against these defendants because MetLife was legally justified or privileged in taking any actions alleged to be wrongful.

## FIFTH DEFENSE

Plaintiff is barred from any recovery against MetLife by the doctrine of estoppel.

## SIXTH DEFENSE

Plaintiff is barred from any recovery against MetLife by the doctrine of acquiescence.

## SEVENTH DEFENSE

Plaintiff is barred from any recovery against MetLife by the doctrine of ratification.

## EIGHTH DEFENSE

Plaintiff's claim for breach of contract is barred by the lack of consideration between Plaintiff and MetLife.

## NINTH DEFENSE

There is lack of a justiciable controversy between the parties.

## TENTH DEFENSE

The actions of these defendants were justifiable.

## ELEVENTH DEFENSE

Plaintiff assumed the risk of any damages of which he complains.

## TWELTH DEFENSE

Negligence on the part of Plaintiff proximately contributed to cause any damages of which he complains.

## THIRTEENTH DEFENSE

Plaintiff failed to plead fraud with specificity and failed to plead with specificity facts which acquitted them of all knowledge of the conduct about which he complains.

## FOURTEENTH DEFENSE

Plaintiff is barred from any recovery against MetLife by the doctrine of waiver.

## FIFTEENTH DEFENSE

Plaintiff is barred from any recovery against MetLife by the doctrine of laches.

DATED this 30th day of September, 2005.

*/s/ James S. Christie, Jr.*
James S. Christie, Jr. (CHR011)

*/s/ Laura A. Palmer*
Laura A. Palmer (PAL019)

Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Attorneys for Defendants
Travelers Life and Annuity Co., The Travelers
Life Insurance Co., The Travelers Indemnity
Co., and Travelers Property Casualty Corp.
(properly known as Metropolitan Life Insurance
Company)

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

J. Knox Argo, Esq.
J. Knox Argo, P.C.
6706 Taylor Circle
Montgomery, AL 36117
Phone: (334) 279-0088
Fax:    (334) 279-8830
knox@jknoxargopc.com
Attorney for Plaintiff

Joseph D. Steadman, Esq.
Dodson & Steadman, P.C.
P.O. Box 1908
Mobile, AL 36633-1908
Phone: (251) 690-9300
Fax:    (251) 690-9311
jds@dodsonsteadman.com
Attorney for Defendant
Settlement Capital Corporation

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 30th day of September, 2005.

Respectfully submitted,

*/s/ Laura A. Palmer*
James S. Christie, Jr. (CHR011)
Laura A. Palmer (PAL019)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL  35203
Telephone:  (205) 521-8000
Facsimile:  (205) 521-8800
lpalmer@bradleyarant.com