CHU Suggested Revisions (tracked) 11/3-4/05

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | |
|---|---|
| ROBERT DANIEL REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:05-cv-0939-MEF-VPM |
| SETTLEMENT CAPITAL CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANTS TRAVELERS INDEMNITY
COMPANY AND TRAVELERS PROPERTY CASUALTY
CORPORATION, AND CROSS-CLAIM AND
<u>COUNTERCLAIM FOR DECLARATORY JUDGMENT</u>**

Defendants Travelers Indemnity Company and Travelers Property Casualty Corporation (collectively, "Travelers"), by its undersigned attorneys, hereby answers the complaint of plaintiff Robert Daniel Reeves ("Reeves") in this action as follows:

1.  Upon information and belief, Travelers admits the allegations set forth in this paragraph.

2.  Upon information and belief, Travelers admits the allegations set forth in this paragraph, except that Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of this paragraph.

3.  Upon information and belief, Travelers admits the allegations set forth in this paragraph.

4.  Upon information and belief, Travelers admits the allegations set forth in this paragraph.

5.  Travelers admits the allegations set forth in Paragraph 5.

[Strike the client/matter no. from footer.]
\\\BA - 22721/0007 - 199026 v1

- 2 -

      6.      Travelers admits the allegations set forth in Paragraph 6.

      7.      The allegations set forth in this paragraph do not contain allegations of fact to which a response is required. To the extent that a response is deemed required, the allegations set forth in this paragraph are denied.

      8.      Upon information and belief, Travelers admits that Reeves settled a workers' compensation claim under the Longshore and Harbor Workers' Compensation Act in or about 1991, as set forth in a Decision and Order Approving Settlement, the terms of which speak for themselves. Travelers denies the allegations set forth in the third sentence of Paragraph 8, except that it admits that (i) the Decision and Order Approving Settlement calls for Reeves to receive certain periodic payments set forth therein, and (ii) Travelers acquired annuity policies nos. 17563 SA 55449, 17564 SA 55449, 17565 SA 55449, and 17566 SA 55449, which were issued by defendant the Travelers Life Insurance Co. and/or defendant the Travelers Life and Annuity Co., to fund the periodic payments to Reeves under the Decision and Order Approving Settlement.

      9.      The allegations set forth in Paragraph 9 rely on a written document, the terms of which speak for themselves.

      10-13.      The allegations set forth in Paragraphs 10 through 13 pertain to parties other than Travelers, and thus require no response. To the extent that a response may be deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and for this reason, the allegations are denied. In addition, to the extent that the allegations in these paragraphs rely on written documents, the documents speak for themselves.

14. The allegations in this paragraph set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Travelers denies the allegations.

15. The allegations in this paragraph pertain to parties other than Travelers, and thus require no response. In addition, the allegations set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Travelers denies the allegations.

16-18. The allegations set forth in Paragraphs 16 through 18 pertain to parties other than Travelers, and thus require no response. To the extent that a response may be deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and for this reason, the allegations are denied. In addition, to the extent that the allegations in these paragraphs rely on a written document, that document speaks for itself.

19. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and for this reason, they are denied. To the extent that these allegations rely on a written document, that document speaks for itself.

20. The allegations in this paragraph set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Travelers denies the allegations.

The paragraphs numbered 1 through 6 beginning with "WHEREFORE, Plaintiff requests . . . " do not set forth allegations of fact to which a response is required. To the extent that a response is deemed required, Travelers denies those allegations.

- 4 -

By way of further response, Travelers states that it claims no interest of its own in the periodic payments provided for in the Decision and Order Approving Settlement. Travelers' sole interest in these proceedings is to assure that the periodic payments are made in a manner that complies with applicable law and does not subject Travelers to possible multiple liability by virtue of any dispute between or among Robert Daniel Reeves, Settlement Capital Corp., the Travelers Life and Annuity Co., and/or the Travelers Life Insurance Co. At the Court's direction, Travelers, as the owner of the annuity policies that fund the periodic payments, is prepared to direct the Travelers Life and Annuity Co. and/or the Travelers Life Insurance Co., as the annuity issuer(s), to pay the periodic payments, including future payments and any payments previously suspended by the annuity issuer(s), into the Court registry, to Settlement Capital Corp. and/or Reeves.

**COUNTERCLAIM AND CROSS-CLAIM
FOR DECLARATORY JUDGMENT**

Travelers Indemnity Company and Travelers Property Casualty Corporation (collectively, "Travelers"), counterclaimant/cross-plaintiff, by its undersigned counsel, and pursuant to Rule 13 of the Federal Rules of Civil Procedure and 18 U.S.C. § 2201, files this counter-claim and cross-claim for declaratory relief and judgment against Robert Daniel Reeves ("Reeves") and this cross-claim for declaratory relief and judgment against Settlement Capital Corporation ("SCC"), the Travelers Life and Annuity Co. ("TLAC"), and the Travelers Life Insurance Co. ("TLIC"), and for its cause of action, states as follows:

**PARTIES**

1. Travelers is an insurance company organized in the State of Connecticut and having its principal place of business located at One Tower Square, Hartford, CT. Travelers is the owner of certain annuity contracts issued to fund a settlement involving counterclaim defendant Robert Daniel Reeves, as more fully set forth herein.

2. Upon information and belief, Travelers Life and Annuity Company ("TLAC") and Travelers Life Insurance Company ("TLIC") are both wholly owned subsidiaries of the Metropolitan Life Insurance Company. TLAC and TLIC are organized in the State of Connecticut and maintain their principal places of business at One City Place, Hartford, CT. TLAC and TLIC are the issuers of certain annuity contracts issued to fund a settlement involving counterclaim defendant Robert Daniel Reeves, as more fully set forth herein.

3. Upon information and belief, Settlement Capital Corporation ("SCC") is a Texas corporation with its principal place of business located at 14755 Preston Road, Suite 130, Dallas, TX. SCC is a "factoring company" which is in the business of purchasing interests in structured settlements and other long-term obligations.

    4.    Upon information and belief, Robert Daniel Reeves is a citizen of the State of Alabama and maintains his current residence at 2802 Alternate County Road 59, Deatsville, AL.

## JURISDICTION AND VENUE

    5.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity between the original plaintiff and original defendants in this action, and pursuant to 28 U.S.C. § 1331, because the resolution of the parties' claims necessarily will require the interpretation of provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*

    6.    Venue is proper in this Court because the original defendants do business or may be found in this District, and a substantial part of the events giving rise to the claims asserted herein occurred in this District..

## FACTS

    7.    Upon information and belief, in or about 1991, Reeves settled a workers' compensation claim governed by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*, as memorialized in a written Decision and Order Approving Settlement dated May 3, 1991, attached as Exhibit A to Reeves' Complaint (the "Settlement").

    8.    The Settlement obligated Travelers, as insurer for Reeves's employer at the time, to make certain monthly and periodic lump sum payments to Reeves, including monthly payments of $1,350 for the remainder of his life, guaranteed for 44 years, beginning February 2, 1991, and certain lump sum payments, including payments on the dates and in the amounts listed below:

- February 2, 1995  $30,000

- February 2, 2000   $40,000

- February 2, 2005   $50,000

- February 2, 2010   $60,000

- February 2, 2015   $70,000

9. The Settlement provided that "[t]he future payments herein shall not be accelerated or assigned by any payee, trustee, or beneficiary," consistent with the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*

10. Travelers funded its obligations under the Settlement by purchasing a series of annuities from TLAC and TLIC, including annuity contract nos. 17563 SA 55449, 17564 SA 55449, 17565 SA 55449, and 17566 SA 55449 (the "Annuities").

11. Upon information and belief, beginning in or about 1996, Reeves entered into a series of transactions with SCC pursuant to which SCC has asserted that Reeves sold, and SCC acquired, Reeves's rights to receive specific payments due under the Settlement and the Annuities. Upon information and belief, pursuant to Reeves's original transaction with SCC and a series of four amendments entered in 1996, 1997, 1998 and 1999, SCC claims to have acquired Reeves's rights to receive periodic payments that include the folowing:

- The lump sum payment of $40,000 due on February 2, 2000;

- The lump sum payment of $50,000 due on February 2, 2005;

- Monthly payments of $1,350 each due from February 1, 1998 through and including January 31, 2008;

- The lump sum payment of $60,000 due on February 2, 2010, as well as monthly payments of $1,350 each due from February 1, 2008 through and including January 31, 2013; and

- The lump sum payment of $70,000 due on February 2, 2015, as well as monthly payments of $1,350 each due from February 1, 2013 through and including January 31, 2018.

12. An actual controversy has arisen between Reeves and SCC regarding the lawful effect of these transactions and the parties' rights and obligations under the Settlement and Annuities, including whether the alleged transfers are lawful under the terms of the Settlement and under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*

13. Apart from the underlying complaint in this action, SCC filed its own action in Texas state court, since voluntarily dismissed in deference to this action, asserting SCC's entitled to payment under its transactions with Reeves, as alleged in paragraph 11 herein. A copy of SCC's complaint in that proceeding is attached hereto as Exhibit 1.

14. Travelers claims no interest of its own in the periodic payments under the Settlement and the Annuities. Travelers' sole interest in these proceedings is to assure that the periodic payments are made in a manner that complies with applicable law and does not subject Travelers to possible multiple liability by virtue of any dispute between or among Robert Daniel Reeves, Settlement Capital Corp., the Travelers Life and Annuity Co., and/or the Travelers Life Insurance Co.

## COUNT 1 – CLAIM FOR DECLARATORY RELIEF

15. Travelers repeats and realleges the allegations set forth in Paragraphs 1 through 14, as if fully set forth herein.

16. There exists an actual controversy between and among the parties, including Reeves and SCC, regarding entitlement to various payments under the Settlement and the Annuities.

WHEREFORE, Travelers Indemnity Co. and Travelers Property Casualty Corp., counter-claimants/cross-plaintiffs herein, request that the Court enter a judgment in this matter

- 9 -

declaring the rights and obligations of Reeves, SCC, TLAC, TLIC and Travelers Indemnity Co. and Travelers Property Casualty Corp. under the Settlement and the Annuities.

Respectfully submitted,

/s/ D. Wayne Rogers, Jr.
John D. Gleissner
ROGERS & ASSOCIATES
Suite 650
Birmingham, Alabama  35244
Attorneys for Travelers Indemnity Company
and Travelers Property Casualty Corporation
(205) 982-4620
(205) 982-4630 – FAX
E-mail:  wrogers1@spt.com
ASB – 4648-S80D


Joseph H. Young
Hogan & Hartson, LLP
111 S. Calvert Street, Suite 1600
Baltimore, MD 21202
410-659-2700

Attorneys for Travelers Indemnity Company
and Travelers Property Casualty Corporation

- 10 -

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 18, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    J. Knox Argo, Esq.
    J. Knox Argo, P.C.
    6706 Taylor Circle
    Montgomery, AL 36117

    Joseph D. Steadman
    Dodson & Steadman, P.C.
    P.O. Box 1908
    Mobile, AL 36633-1908

    James S. Christie, Jr.
    Laura A. Palmer
    Bradley Arant Rose & White
    1819 Fifth Avenue North
    Birmingham, AL 35203

    /s/ D. Wayne Rogers, Jr.
    John D. Gleissner
    ROGERS & ASSOCIATES
    Suite 650
    Birmingham, Alabama 35244