# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT DANIEL REEVES** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| **SETTLEMENT CAPITAL CORP.,** | ) | 2:05-CV-939-F |
| **TRAVELERS LIFE AND ANNUITY CO.,** | ) | |
| **THE TRAVELERS LIFE INSURANCE** | ) | |
| **CO., THE TRAVELERS INDEMNITY CO.,** | ) | |
| **and TRAVELERS PROPERTY** | ) | |
| **CASUALTY CORP.;** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## TLAC'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

As amendment to and restatement of their Answer to Plaintiff's Complaint and in response to Defendants Traveler Indemnity Co. and Travelers Property Casualty Corp.'s (herein after referred to collectively as "Travelers") Cross-Claim for Declaratory Relief, Defendants Travelers Life and Annuity Co. ("TLAC") and The Travelers Life Insurance Co. ("TLIC") (also properly known as "TLAC") state as follows:

    A.    TLAC adopts and reincorporates the answers and defenses from its Answer to Plaintiff's Complaint, as follows:

In response to each separately numbered paragraph of Plaintiff's complaint, TLAC states as follows:

1. TLAC admits that Plaintiff is a citizen of Alabama.

2. TLAC admits that Settlement Capital Corporation ("SCC") is a citizen of Texas, not Alabama. Otherwise, TLAC denies the allegations of Paragraph 2.

3-6. Defendants TLAC and TLIC admit that TLIC was a wholly owned subsidiary of TLAC and was merged into its parent, TLAC. Therefore, the proper defendant in this action is TLAC, not TLIC. TLAC further admits that it is not a citizen of Alabama. Otherwise, TLAC is without sufficient knowledge of the allegations in Paragraph 3-6 to admit or deny said allegations.

7. TLAC admits that CT Corporation receives service of process for TLAC in Alabama. Otherwise, TLAC denies the allegations of Paragraph 7.

8. TLAC is without sufficient knowledge of the allegations in Paragraph 8 to admit or deny said allegations.

9. TLAC is without sufficient knowledge of the allegations in Paragraph 9 to admit or deny said allegations.

10. TLAC is without sufficient knowledge of the allegations in Paragraph 10 to admit or deny said allegations.

11. TLAC is without sufficient knowledge of the allegations in Paragraph 11 to admit or deny said allegations.

12. TLAC is without sufficient knowledge of the allegations in Paragraph 12 to admit or deny said allegations.

13. TLAC is without sufficient knowledge of the allegations in Paragraph 13 to fully admit or deny said allegations. Otherwise, TLAC denies the allegations of Paragraph 13.

14. TLAC is without sufficient knowledge of the allegations in Paragraph 14 to fully admit or deny said allegations. Otherwise, TLAC denies the allegations of Paragraph 14.

15.-18. Denied.

19. TLAC is without sufficient knowledge of the allegations in Paragraph 19 to fully admit or deny said allegations. Otherwise, TLAC denies the allegations of Paragraph 19.

20. Denied.

In response to Plaintiff's prayer for relief, TLAC denies that Plaintiff is entitled to any judgment or award, damages, benefits, or any interlocutory injunction whatsoever as alleged in his Complaint and further denies that Plaintiff is entitled to any attorneys' fees, costs or other relief.

## FIRST DEFENSE

The Complaint and each count thereof fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claim is barred by failing to file a timely claim.

## THIRD DEFENSE

Plaintiff is barred by the statute of limitations.

## FOURTH DEFENSE

Plaintiff is barred from any recovery against these defendants because TLAC was legally justified or privileged in taking any actions alleged to be wrongful.

## FIFTH DEFENSE

Plaintiff is barred from any recovery against TLAC by the doctrine of estoppel.

## SIXTH DEFENSE

Plaintiff is barred from any recovery against TLAC by the doctrine of acquiescence.

## SEVENTH DEFENSE

Plaintiff is barred from any recovery against TLAC by the doctrine of ratification.

## EIGHTH DEFENSE

Plaintiff's claim for breach of contract is barred by the lack of consideration between Plaintiff and TLAC.

## NINTH DEFENSE

There is lack of a justiciable controversy between the parties.

## TENTH DEFENSE

The actions of these defendants were justifiable.

## ELEVENTH DEFENSE

Plaintiff assumed the risk of any damages of which he complains.

## TWELTH DEFENSE

Negligence on the part of Plaintiff proximately contributed to cause any damages of which he complains.

## THIRTEENTH DEFENSE

Plaintiff failed to plead fraud with specificity and failed to plead with specificity facts which acquitted them of all knowledge of the conduct about which he complains.

## FOURTEENTH DEFENSE

Plaintiff is barred from any recovery against TLAC by the doctrine of waiver.

## FIFTEENTH DEFENSE

Plaintiff is barred from any recovery against TLAC by the doctrine of laches.

B. In response to each separately numbered paragraph of Defendant Travelers' Cross-Claim for Declaratory Judgment, TLAC states as follows:

1. TLAC admits that Travelers is not a citizen of Alabama and that it is the owner of certain annuity contracts involved in this matter. Otherwise TLAC is without sufficient knowledge of the allegations in Paragraph 1 to admit or deny said allegations.

2. TLAC admits that TLIC was a wholly owned subsidiary of TLAC and was thereafter merged into its parent, TLAC, and that TLAC is wholly owned subsidiary of MetLife. Therefore, the proper defendant in this action is TLAC, not TLIC. TLAC further admits that it is not a citizen of Alabama and issued certain annuity contracts issued to fund a settlement involving counterclaim defendant. Otherwise, TLAC denies the allegations of paragraph 2.

3. TLAC admits that Settlement Capital Corporation ("SCC") is a citizen of Texas, not Alabama. Otherwise, TLAC is without sufficient knowledge of the allegations in Paragraph 3 to admit or deny said allegations.

4. TLAC admits that Plaintiff is a citizen of Alabama.

5. Admitted.

6. Admitted.

7. TLAC is without sufficient knowledge of the allegations in Paragraph 7 to admit or deny said allegations.

8. TLAC is without sufficient knowledge of the allegations in Paragraph 8 to admit or deny said allegations.

9. TLAC is without sufficient knowledge of the allegations in Paragraph 9 to admit or deny said allegations.

10. TLAC is without sufficient knowledge of the allegations in Paragraph 10 to admit or deny said allegations.

11. TLAC is without sufficient knowledge of the allegations in Paragraph 11 to admit or deny said allegations.

12. TLAC is without sufficient knowledge of the allegations in Paragraph 12 to admit or deny said allegations.

13. TLAC is without sufficient knowledge of the allegations in Paragraph 13 to admit or deny said allegations.

14. TLAC is without sufficient knowledge of the allegations in Paragraph 14 to admit or deny said allegations.

15. TLAC incorporates its responses set forth in Paragraphs 1-14.

16. TLAC admits that there appears to be a controversy between Plaintiff and SCC regarding entitlement to various payments under the Settlement and Annuities. Otherwise, TLAC denies the allegations of Paragraph 16.

WHEREFORE TLAC demands judgment in its favor, costs and such other relief the Court finds appropriate.

>          /s/ James S. Christie, Jr.
>         James S. Christie (CHR011)
>         Laura A. Palmer (PAL019)
>         Bradley Arant Rose & White LLP
>         1819 Fifth Avenue North
>         Birmingham, AL 35203-2104
>         Telephone: (205) 521-8000
>         Facsimile: (205) 521-8800
>         jchristie@bradleyarant.com
>         lpalmer@bradleyarant.com
>         Attorneys for Defendants
>         Travelers Life and Annuity Co. and
>         The Travelers Life Insurance Co.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on _____, _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      J. Knox Argo, Esq.
      J. Knox Argo, P.C.
      6706 Taylor Circle
      Montgomery, AL 36117
      Phone: (334) 279-0088
      Fax:   (334) 279-8830
      knox@jknoxargopc.com
      Attorney for Plaintiff

      Joseph D. Steadman, Esq.
      Dodson & Steadman, P.C.
      P.O. Box 1908
      Mobile, AL 36633-1908
      Phone: (251) 690-9300
      Fax:   (251) 690-9311
      jds@dodsonsteadman.com
      Attorney for Defendant
      Settlement Capital Corporation

      D.Wayne Rogers, Jr.
      Rogers & Associates
      3000 Riverchase Galleria, Suite 650
      Birmingham, AL 35244
      (205) 982-4620
      wrogers1@travelers.com

      Joseph H. Young
      Hogan & Hartson, LLP
      111 S. Calvert Street, Suite 1600
      Baltimore, MD 21202
      (410) 659-2700
      jhyyoung@hhlaw.com
      Attorneys for The Travelers Indemnity Co.
      and Travelers Property Casualty Corp.

and I hereby certify that I have mailed by United States Postal Service on this ___ day of _____, ____ the document to the following non-CM/ECF participants:

    None.

                                                _____
                                                Laura A. Palmer (PAL019)
                                                One of the Attorneys for Defendant TLAC
                                                Bradley Arant Rose & White LLP
                                                1819 Fifth Avenue North
                                                Birmingham, AL 35203
                                                Phone:  (205) 521-8000
                                                lpalmer@bradleyarant.com