# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT DANIEL REEVES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | |
| **SETTLEMENT CAPITAL CORP.,** | ) | **2:05-CV-939-F** |
| **TRAVELERS LIFE AND ANNUITY CO.,** | ) | |
| **THE TRAVELERS LIFE INSURANCE** | ) | |
| **CO., THE TRAVELERS INDEMNITY CO.,** | ) | |
| **and TRAVELERS PROPERTY** | ) | |
| **CASUALTY CORP.;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Fed.R.Civ.P.26(f), a meeting was held on <u>December 7, 2005</u> by telephone and was attended by:

    J. Knox Argo, Esq. for plaintiff

    Joseph D. Steadman, Esq. for defendant Settlement Capital Corporation

    D. Wayne Rogers, Jr., Esq. and Joseph H. Young, Esq. for defendants
       The Travelers Indemnity Co. and Travelers Property Casualty Corp.

    Laura A. Palmer for defendants
       Travelers Life and Annuity Co. and The Travelers Life Insurance Co.

2.  **Disposition:**
    a.  Travelers Life and Annuity Co. and The Travelers Life Insurance Co. are stakeholders only in this matter.

1/1396923.1

      a. Similarly, Travelers Indemnity Co. and Travelers Property Casualty Corp. do not claim an interest in the underlying payments, except to the extent of assuring that the payments are made in a manner that complies with applicable law and does not subject them to possible multiple liability by virtue of any dispute between the remaining parties.

3.    **Pre-discovery Disclosures.**  The parties will exchange by January 10, 2006, the information required by Fed. R. Civ. P. 26(a)(1).

4.    **Discovery Plan.**  The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects: <u>The contracts made between and among all parties in reference to the Settlement and Annuities created between Plaintiff and Settlement Capital Corporation.</u>

All discovery commenced in time to be completed by <u>May 12, 2006.</u>

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service.)

Maximum of 25 requests for admission by each party to any other party. (Responses due 30 days after service.)

Maximum of 5 depositions by plaintiff and 5 by defendants.

Each deposition limited to maximum of 7 hours per day and otherwise in accordance with FRCP 30(d) unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:
    from plaintiff(s) by <u>February 20, 2006</u>
    from defendant(s) by <u>March 20, 2006</u>

Supplementations under Rule 26(e) due <u>April 28, 2006.</u>

5.    **Other Items.**

The parties do not request a conference with the court before entry of the scheduling order.

The parties request a pretrial conference in <u>August 11, 2006.</u>

Plaintiff should be allowed until <u>February 20, 2006</u> to join additional parties and to amend the pleadings.

Defendants should be allowed until <u>March 20, 2006</u> to join additional parties and until <u>March 20, 2006</u> to amend the pleadings.

All potentially dispositive motions should be filed by <u>May 19, 2006.</u>

Settlement cannot be evaluated prior to the end of discovery.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from plaintiff and defendants by <u>45 days before trial</u>

Parties should have <u>14</u> days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) .

The case should be ready for trial by <u>August 21, 2006</u> and at this time is expected to take approximately <u>2 days</u>.

**Date**: December 9, 2005