IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT DANIEL REEVES** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | |
| **SETTLEMENT CAPITAL CORP.,** | ) | **2:05-CV-939-F** |
| **TRAVELERS LIFE AND ANNUITY CO.,** | ) | |
| **THE TRAVELERS LIFE INSURANCE** | ) | |
| **CO., THE TRAVELERS INDEMNITY CO.,** | ) | |
| **and TRAVELERS PROPERTY** | ) | |
| **CASUALTY CORP.;** | ) | |
| | ) | |
| Defendants. | ) | |

**TLAC'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

As amendment to and restatement of their Answer to Plaintiff's Complaint and in response to Defendants Traveler Indemnity Co. and Travelers Property Casualty Corp.'s (herein after referred to collectively as "Travelers") Cross-Claim for Declaratory Relief, Defendants Travelers Life and Annuity Co. ("TLAC") and The Travelers Life Insurance Co. ("TLIC") (also properly known as "TLAC") state as follows:

A.    TLAC adopts and reincorporates the answers and defenses from its Answer to Plaintiff's Complaint, as follows:

1/1396557.1

In response to each separately numbered paragraph of Plaintiff's complaint, TLAC states as follows:

1. TLAC admits that Plaintiff is a citizen of Alabama.

2. TLAC admits that Settlement Capital Corporation ("SCC") is a citizen of Texas, not Alabama. Otherwise, TLAC denies the allegations of Paragraph 2.

3-6. Defendants TLAC and TLIC admit that TLIC was a wholly owned subsidiary of TLAC and was merged into its parent, TLAC. Therefore, the proper defendant in this action is TLAC, not TLIC. TLAC further admits that it is not a citizen of Alabama. Otherwise, TLAC is without sufficient knowledge of the allegations in Paragraph 3-6 to admit or deny said allegations.

7. TLAC admits that CT Corporation receives service of process for TLAC in Alabama. Otherwise, TLAC denies the allegations of Paragraph 7.

8. TLAC is without sufficient knowledge of the allegations in Paragraph 8 to admit or deny said allegations.

9. TLAC is without sufficient knowledge of the allegations in Paragraph 9 to admit or deny said allegations.

10. TLAC is without sufficient knowledge of the allegations in Paragraph 10 to admit or deny said allegations.

11. TLAC is without sufficient knowledge of the allegations in Paragraph 11 to admit or deny said allegations.

12. TLAC is without sufficient knowledge of the allegations in Paragraph 12 to admit or deny said allegations.

13. TLAC is without sufficient knowledge of the allegations in Paragraph 13 to fully admit or deny said allegations. Otherwise, TLAC denies the allegations of Paragraph 13.

14. TLAC is without sufficient knowledge of the allegations in Paragraph 14 to fully admit or deny said allegations. Otherwise, TLAC denies the allegations of Paragraph 14.

15.-18. Denied.

19. TLAC is without sufficient knowledge of the allegations in Paragraph 19 to fully admit or deny said allegations. Otherwise, TLAC denies the allegations of Paragraph 19.

20. Denied.

In response to Plaintiff's prayer for relief, TLAC denies that Plaintiff is entitled to any judgment or award, damages, benefits, or any interlocutory injunction whatsoever as alleged in his Complaint and further denies that Plaintiff is entitled to any attorneys' fees, costs or other relief.

## FIRST DEFENSE

The Complaint and each count thereof fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claim is barred by failing to file a timely claim.

## THIRD DEFENSE

Plaintiff is barred by the statute of limitations.

## FOURTH DEFENSE

Plaintiff is barred from any recovery against these defendants because TLAC was legally justified or privileged in taking any actions alleged to be wrongful.

## FIFTH DEFENSE

Plaintiff is barred from any recovery against TLAC by the doctrine of estoppel.

## SIXTH DEFENSE

Plaintiff is barred from any recovery against TLAC by the doctrine of acquiescence.

## SEVENTH DEFENSE

Plaintiff is barred from any recovery against TLAC by the doctrine of ratification.

## EIGHTH DEFENSE

Plaintiff's claim for breach of contract is barred by the lack of consideration between Plaintiff and TLAC.

## NINTH DEFENSE

There is lack of a justiciable controversy between the parties.

## TENTH DEFENSE

The actions of these defendants were justifiable.

## ELEVENTH DEFENSE

Plaintiff assumed the risk of any damages of which he complains.

## TWELTH DEFENSE

Negligence on the part of Plaintiff proximately contributed to cause any damages of which he complains.

## THIRTEENTH DEFENSE

Plaintiff failed to plead fraud with specificity and failed to plead with specificity facts which acquitted them of all knowledge of the conduct about which he complains.

## FOURTEENTH DEFENSE

Plaintiff is barred from any recovery against TLAC by the doctrine of waiver.

## FIFTEENTH DEFENSE

Plaintiff is barred from any recovery against TLAC by the doctrine of laches.

B.  In response to each separately numbered paragraph of Defendant Travelers' Cross-Claim for Declaratory Judgment, TLAC states as follows:

1.  TLAC admits that Travelers is not a citizen of Alabama and that it is the owner of certain annuity contracts involved in this matter. Otherwise TLAC is without sufficient knowledge of the allegations in Paragraph 1 to admit or deny said allegations.

2.  TLAC admits that TLIC was a wholly owned subsidiary of TLAC and was thereafter merged into its parent, TLAC, and that TLAC is wholly owned subsidiary of MetLife. Therefore, the proper defendant in this action is TLAC, not TLIC. TLAC further admits that it is not a citizen of Alabama and issued certain annuity contracts issued to fund a settlement involving counterclaim defendant. Otherwise, TLAC denies the allegations of paragraph 2.

3.  TLAC admits that Settlement Capital Corporation ("SCC") is a citizen of Texas, not Alabama. Otherwise, TLAC is without sufficient knowledge of the allegations in Paragraph 3 to admit or deny said allegations.

4.  TLAC admits that Plaintiff is a citizen of Alabama.

5.  Admitted.

6. Admitted.

7. TLAC is without sufficient knowledge of the allegations in Paragraph 7 to admit or deny said allegations.

8. TLAC is without sufficient knowledge of the allegations in Paragraph 8 to admit or deny said allegations.

9. TLAC is without sufficient knowledge of the allegations in Paragraph 9 to admit or deny said allegations.

10. TLAC is without sufficient knowledge of the allegations in Paragraph 10 to admit or deny said allegations.

11. TLAC is without sufficient knowledge of the allegations in Paragraph 11 to admit or deny said allegations.

12. TLAC is without sufficient knowledge of the allegations in Paragraph 12 to admit or deny said allegations.

13. TLAC is without sufficient knowledge of the allegations in Paragraph 13 to admit or deny said allegations.

14. TLAC is without sufficient knowledge of the allegations in Paragraph 14 to admit or deny said allegations.

15. TLAC incorporates its responses set forth in Paragraphs 1-14.

16. TLAC admits that there appears to be a controversy between Plaintiff and SCC regarding entitlement to various payments under the Settlement and Annuities. Otherwise, TLAC denies the allegations of Paragraph 16.

WHEREFORE TLAC demands judgment in its favor, costs and such other relief the Court finds appropriate.

s/ James S. Christie, Jr.
James S. Christie (CHR011)
Laura A. Palmer (PAL019)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jchristie@bradleyarant.com
lpalmer@bradleyarant.com
Attorneys for Defendants
Travelers Life and Annuity Co. and
The Travelers Life Insurance Co.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    J. Knox Argo, Esq.
    J. Knox Argo, P.C.
    6706 Taylor Circle
    Montgomery, AL 36117
    Phone: (334) 279-0088
    Fax:   (334) 279-8830
    knox@jknoxargopc.com
    Attorney for Plaintiff

    Joseph D. Steadman, Esq.
    Dodson & Steadman, P.C.
    P.O. Box 1908
    Mobile, AL 36633-1908
    Phone: (251) 690-9300
    Fax:   (251) 690-9311
    jds@dodsonsteadman.com
    Attorney for Defendant
    Settlement Capital Corporation

    D.Wayne Rogers, Jr.
    Rogers & Associates
    3000 Riverchase Galleria, Suite 650
    Birmingham, AL 35244
    (205) 982-4620
    wrogers1@travelers.com

    Joseph H. Young
    Hogan & Hartson, LLP
    111 S. Calvert Street, Suite 1600
    Baltimore, MD 21202
    (410) 659-2700
    jhyyoung@hhlaw.com
    Attorneys for The Travelers Indemnity Co.
    and Travelers Property Casualty Corp.

and I hereby certify that I have mailed by United States Postal Service on this 12th day of January, 2006 the document to the following non-CM/ECF participants:

    None.

s/ Laura A. Palmer (PAL019)
Laura A. Palmer (PAL019)
One of the Attorneys for Defendant TLAC
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Phone: (205) 521-8000
lpalmer@bradleyarant.com
