IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | |
|---|---|
| ROBERT DANIEL REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:05-cv-939-B |
| ) | |
| SETTLEMENT CAPITAL CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## STIPULATED ORDER AND JUDGMENT

Plaintiff Robert Daniel Reeves ("Plaintiff" or "Reeves"), and Defendants Settlement Capital Corporation ("SCC"), Travelers Life and Annuity Company and The Travelers Life Insurance Company (collectively, "TLAC" or "Annuity Issuer")[1], and Travelers Indemnity Company, and Travelers Property Casualty Corporation (collectively, "Travelers" or "Annuity Owner") hereby stipulate to the entry of judgment in this matter based on the following:

1. Plaintiff brought this action challenging a series of transactions between Plaintiff and SCC pursuant to which SCC claims that Plaintiff sold, and SCC acquired, Reeves's rights to receive specific payments due under a structured

---

[1] Effective May 1, 2006, Travelers Life and Annuity Company is now known as MetLife Life & Annuity Company of Connecticut. For ease of reference, the entities will be referred to herein collectively as "TLAC."

**SCANNED**



settlement agreement (the "Settlement Agreement") involving Plaintiff as a settling claimant. The Settlement Agreement obligated Travelers, as insurer for Reeves's employer at the time, to make certain monthly payments and periodic lump sum payments (collectively, the "Settlement Payments") to Reeves. Travelers funded its obligations under the Settlement Agreement by purchasing a series of annuity contracts from TLAC (the "Annuity Contracts"), including annuity contract nos. 17564 SA 55449, 17566 SA 55449, and 17567 SA 55449.

2. Neither Travelers nor TLAC claims any interest of its own in the Settlement Payments. TLAC suspended payments under the Annuity Contracts, effective October 2, 2005, and is holding the payments that have become due since such suspension took effect (the "Suspended Payments"). As of May 2, 2006, TLAC was holding a total of $10,800.00 (Ten Thousand Eight Hundred Dollars) in Suspended Payments.

3. Plaintiff, SCC, Travelers and TLAC have agreed on the extent of SCC's interest in the Suspended Payments and future Settlement Payments and on the manner in which the Suspended Payments and future Settlement Payments are to be paid.

ACCORDINGLY, ROBERT DANIEL REEVES, SETTLEMENT CAPITAL CORPORATION, TRAVELERS INDEMNITY COMPANY, TRAVELERS PROPERTY CASUALTY CORPORATION, TRAVELERS LIFE INSURANCE COMPANY, AND METLIFE LIFE & ANNUITY COMPANY OF CONNECTICUT,

ALSO KNOW AS TRAVELERS LIFE AND ANNUITY COMPANY AGREE, AND IT IS HEREBY ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:

  A. **Remittance to Reeves.** Within ten (10) business days after receiving notice of the entry of this Stipulated Order and Judgment, TLAC shall pay to Reeves from the Suspended Payments then held by it the sum of $5,000.00 (Five Thousand Dollars). Such payment shall be made to Reeves at the following address: Robert Daniel Reeves, c/o J. Knox Argo, P.C., 6706 Taylor Circle, Montgomery, AL 36117.

  B. **Remittances to SCC.** Within ten (10) business days after receiving notice of the entry of this Stipulated Order and Judgment, TLAC shall:

    (i) Pay the remainder of the Suspended Payments then held by it (*i.e.*, the amount set forth in paragraph 2 above, plus any additional Suspended Payments falling due after the date specified in the last sentence of paragraph 2, <u>less</u> the $5,000.00 payable to Reeves) to SCC at Settlement Capital Corporation #3698, FBO #1013, P.O. Box 4829, Houston, TX 77210.

    (ii) Revoke the suspension of payments under the Annuity Contracts; and

    (iii) Resume making payments as specified in the Annuity Contracts, sending to SCC the monthly payments that are scheduled to be made on the second day of each month through January 2018 as well as the following lump sum payments:

    FEBRUARY 2, 2010    $60,000.00 LUMP SUM PAYMENT

    FEBRUARY 2, 2015    $70,000.00 LUMP SUM PAYMENT

The payments identified above in this paragraph B(iii) are sometimes hereinafter referred to as "Redirected Payments." Each such Redirected Payment shall be sent to SCC at the address stated in paragraph B(i) above or at such other address as SCC may designate by written notice given to Annuity Issuer, with a copy to Annuity Owner, not less than thirty (30) days prior to the due date of such Redirected Payment. In the event of Reeves's death prior to February 2, 2015, the Redirected Payments (and subsequent Settlement Payments) shall, as provided in the Settlement Agreement and the Annuity Contracts, be issued to Reeves's estate, subject, however, to SCC's rights to receive the Redirected Payments through Reeves's estate pursuant to instructions previously issued by Reeves to his personal representative(s), which Reeves and SCC stipulate are irrevocable in nature. Reeves hereby affirms these previously issued instructions to his personal representative(s) to pay SCC the Redirected Payments.

  C. **Confirmation by SCC.** Promptly following its receipt of the last Redirected Payment SCC shall send to Reeves, with copies to Annuity Issuer and Annuity Owner, a letter duly executed on behalf of SCC by an officer of SCC, confirming that Reeves's obligations to SCC under the August 20, 1996 Purchase Agreement, and amendments thereto dated December 5, 1996, December 17, 1997, March 25, 1998, and May 15, 1999 (collectively referred to as the "Transfer Agreement") have been fully satisfied.

D.  **Releases.** For and in consideration of the payments and mutual covenants and agreements set forth herein, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

1.  *Release by Reeves.* Reeves, for himself and estate, heirs, devisees, executors, administrators, successors and assigns (collectively, "Reeves Successors"), hereby releases, acquits and forever discharges Settlement Capital Corporation, Travelers Life and Annuity Company, Travelers Life Insurance Company, Travelers Indemnity Company, Travelers Property Casualty Corporation, their respective predecessors, successors, subsidiaries, parents and other affiliates, and all present or former officers, directors, employees and agents of each of the foregoing (collectively, the "Reeves Releasees"), from any and all claims, counterclaims, cross-claims, defenses, setoffs, actions, causes of action, demands, lawsuits, obligations, liens, rights, damages, losses, costs, claims for expense and/or compensation, claims for attorneys' fees, and other claims and rights of any nature whatsoever, past or present, known or unknown, foreseen or unforeseen, in law or in equity, which Reeves or any Reeves Successor has, has ever had or may have in the future against any of the Reeves Releasees, including without limitation any such claims which concern, relate or refer to or arise from (i) the Transfer Agreement or any transaction thereunder, including without limitation any claim that Reeves's rights to receive the Settlement Payments are non-assignable under the Settlement Agreement or any applicable law; (ii) any of the transactions and events pleaded in Reeves's Complaint in this action, (iii) any of the transactions and

events pleaded in Reeves's Original Petition and Application for Injunctive Relief in *Settlement Capital Corp. v. Robert Daniel Reeves, et al.*, Dallas Cty, Tex., Dist. Ct. No. 05-07286 (filed July 28, 2005); (iv) any and all rights or claimed rights of SCC or any direct or indirect successor or assignee of SCC (an "SCC Successor") to receive Settlement Payments (including without limitation Redirected Payments); (v) any and all actions heretofore taken by or on behalf of SCC to enforce any such right or claimed right; and (vi) any and all actions and omissions of TLAC and/or Travelers based upon or responding to any such action by SCC, including, without limitation, the direction of Settlement Payments to SCC or any SCC Successor and the suspension of Settlement Payments by TLAC and/or Travelers.

      2.    ***Release by SCC.***  SCC, for itself and any and all SCC Successors, hereby releases, acquits, and forever discharges Reeves and the Reeves Successors, and Travelers Life and Annuity Company, Travelers Life Insurance Company, Travelers Indemnity Company, Travelers Property Casualty Corporation, their respective predecessors, successors, subsidiaries, parents and other affiliates, and all present or former officers, directors, employees and agents of each of the foregoing (collectively, the "SCC Releasees") from any and all claims, counterclaims, cross-claims, defenses, setoffs, actions, causes of action, demands, lawsuits, obligations, liens, rights, damages, losses, costs, claims for expense and/or compensation, claims for attorneys' fees, and other claims and rights of any nature whatsoever, past or present, known or unknown, foreseen or unforeseen, in law or in equity, which SCC or any SCC Successor has, has ever had or may have in the

future against any of the SCC Releasees, including without limitation any such claims which concern, relate or refer to or arise from any of the matters identified in clauses (i)-(vi) of paragraph D.1 above.

The releases set forth in paragraphs D.1 and D. 2 above shall not affect any of the rights and obligations of Reeves, SCC, TLAC or Travelers provided for in this Stipulated Order and Judgment.

E. **Indemnification.** SCC shall defend, indemnify and hold harmless TLAC, Travelers, their respective successors, subsidiaries, parents and other affiliates, and all present or former officers, directors, employees and agents of each of the foregoing (collectively, the "Indemnitees") from and against any and all claims, liabilities, obligations, losses, damages, penalties actions, causes of action, judgments, suits, costs, expenses, disbursements, attorneys' fees and other costs or expenses of any kind or nature (collectively, "Obligations/Costs") arising from, related to or in connection with (i) execution and/or implementation of this Stipulated Order and Judgment; (ii) delivery of Settlement Payments to SCC (including Suspended Payments, Redirected Payments and Settlement Payments heretofore directed to SCC); and (iii) any claim to or interest in the Suspended Payments, the Redirected Payments or Settlement Payments heretofore directed to SCC, which claim or interest is asserted by or on behalf of any party other than SCC. Without limiting the generality of the foregoing, SCC shall defend, indemnify, and hold the Indemnitees harmless from and against any and Obligations/Costs arising from, related to or in connection with any claim that Reeves's rights to

receive the Settlement Payments are non-assignable under the Settlement Agreement or any applicable law and/or that delivery of Settlement Payments to SCC pursuant to the Transfer Agreement and/or this Stipulated Order and Judgment has not discharged or will not discharge obligations owed to Reeves under the Settlement Agreement. SCC's obligations under this paragraph E shall not extend to Obligations/Costs incurred in responding to an action by SCC against an Indemnitee to enforce compliance with this Stipulated Order and Judgment.

    **F.**     **Ownership and Control of Annuity Contracts.** Nothing contained in this Stipulated Order and Judgment shall be deemed to afford any party other than Annuity Owner any rights of ownership or control of the Annuity Contract or shall otherwise affect the exclusive ownership and control of the Annuity Contracts by Annuity Owner.

    **G.**     **No Admission; Limitations on Use.** This Stipulated Order and Judgment is entered into to compromise and settle disputes without the delay and expense of further litigation and may under no circumstances be construed as an admission of liability on the part of Annuity Owner or Annuity Issuer, all such liability being expressly denied. Neither this Stipulated Order and Judgment nor any act performed or document executed pursuant to or in furtherance of this Stipulated Order and Judgment shall be deemed to be, or may be used as an admission of or as evidence of, any claimed obligation or liability of Annuity Issuer or Annuity Owner, other than the express obligations set forth herein. Without limitation of the foregoing, it is specifically acknowledged that Annuity Issuer and

Annuity Owner retain the right to dispute the effectiveness of claimed assignments of structured settlement payments (including both outright assignments and assignments made as security for loans) in other cases and to object to any proposed future transfer of Plaintiff's remaining interest in the Settlement Payments. Neither this Stipulated Order and Judgment nor any related negotiations among the parties hereto, may be offered or received in evidence for any purpose other than implementation and enforcement of this Stipulated Order and Judgment.

      **H.**    **Notices.** Any notice or other communication required or permitted to be given to SCC, Annuity Owner, Annuity Issuer, or Reeves pursuant to this Stipulated Order and Judgment shall be in writing and shall be mailed by first-class, registered or certified mail, return receipt requested, postage prepaid, addressed as follows:

      (i)    If to SCC:

          Settlement Capital Corporation
          Attn: Matthew T. Bracy, Esq.
          14755 Preston Road, Suite 130
          Dallas, TX 75254

      (ii)   If to Annuity Issuer:

          Angie Placide
          Metropolitan Life Insurance Company
          MetLife Retirement & Savings – MRMR
          2025 Leestown Road, Suite J
          Lexington, KY 40511

    (iii)    If to Annuity Owner:

Structured Settlement Program
The St. Paul Travelers Companies, Inc.
385 Washington Street, 508A
St. Paul, MN 55102

    (iv)    If to Robert Daniel Reeves:

Robert Daniel Reeves
2802 Alt. Co. Road 59
Deatsville, AL 36022

or to such other address as any of such parties may hereafter designate, upon not less than thirty (30) days' prior written notice given in accordance with this paragraph I.

    I.    **Binding Effect.** This Stipulated Order and Judgment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns. None of the parties hereto and none of their successors and permitted assigns may assign any of its rights under this Stipulated Order and Judgment unless (i) the assignment covers all of the assignor's rights hereunder, (ii) the assignee expressly assumes all of the assignor's obligations hereunder; and (iii) the assignor and assignee jointly confirm in writing, in a form reasonably acceptable to Annuity Owner and Annuity Issuer, that the foregoing conditions (i) and (ii) have been satisfied. Any purported assignment that fails to satisfy all of the foregoing conditions shall be null and void.

    J.    **Comprehension of Agreement.** Each party hereto has entered into this Stipulated Order and Judgment voluntarily and knowingly, with a complete understanding of its terms, and after having either (i) consulted with

counsel of such party's own choosing, or (ii) had full opportunity for such consultation and knowingly waived it.

K. **Final Order; Dismissal of Action.** This Stipulated Order and Judgment constitutes a final order as to all pleadings and motions pending before the Court in this matter. This action, including any crossclaims and counterclaims, is hereby dismissed with prejudice, with each party to bear its own fees and costs, in accordance with the terms of this Stipulated Order and Judgment.

L. **Execution in Counterparts.** This Stipulated Order and Judgment may be executed in several counterparts by one or more of the parties hereto, and all such counterparts once so executed shall be deemed to constitute one final agreement and stipulation, as if a single document had been executed by all of the parties hereto.

Stipulated and agreed to this 26th day of May, 2006.

*Robert R Daniel Reeves*
ROBERT DANIEL REEVES

STATE OF Alabama
COUNTY OF Montgomery

I, the undersigned Notary Public, in and for said State and County, hereby certify that on behalf of **ROBERT DANIEL REEVES**, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the above and foregoing instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal of office this 26th day of May, 2006.

NOTARY PUBLIC
My Commission expires: _____

SETTLEMENT CAPITAL CORPORATION

By: *Joseph D. Stradman*
JOSEPH D. STEADMAN
Its: Attorney

STATE OF Alabama
COUNTY OF Montgomery

I, the undersigned Notary Public, in and for said State and County, hereby certify that on behalf of **SETTLEMENT CAPITAL CORPORATION**, Joseph D. Steadman, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the above and foregoing instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal of office this 20th day of May, 2006.



*Amanda Dianne Palmer*
NOTARY PUBLIC
My Commission expires: 3/9/09

TRAVELERS LIFE AND ANNUITY COMPANY

By: *James S. Christie, Jr.*
James S. Christie, Jr.
Its: Attorney

STATE OF ALABAMA
COUNTY OF JEFFERSON

I, the undersigned Notary Public, in and for said State and County, hereby certify that on behalf of **TRAVELERS LIFE AND ANNUITY COMPANY**, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the above and foregoing instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal of office this 22nd day of May, 2006.

*Mary L. Blankenhorn*
NOTARY PUBLIC
My Commission expires: 10/13/2009

TRAVELERS LIFE INSURANCE
COMPANY

By: *James S. Christie, Jr.*
Its: *Attorney*

STATE OF *Alabama*
COUNTY OF *Jefferson*

 I, the undersigned Notary Public, in and for said State and County, hereby certify that on behalf of **TRAVELERS LIFE INSURANCE COMPANY**, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the above and foregoing instrument, he executed the same voluntarily on the day the same bears date.

 Given under my hand and official seal of office this 22nd day of May, 2006.

*Mary L. Blankenhorn*
NOTARY PUBLIC
My Commission expires: 10/13/2009


TRAVELERS INDEMNITY COMPANY

By: *Joseph H. Young*
Its: *Attorney*

STATE OF *Maryland*
CITY OF *Baltimore*

 I, the undersigned Notary Public, in and for said State and City, hereby certify that on behalf of **TRAVELERS INDEMNITY COMPANY**, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the above and foregoing instrument, he executed the same voluntarily on the day the same bears date.

 Given under my hand and official seal of office this 25th day of May, 2006.

*Donna Jean Berger*
NOTARY PUBLIC
My Commission expires: 10/1/07

13

TRAVELERS PROPERTY CASUALTY
CORPORATION

By: *Joseph H. Young*
Its: *Attorney*

STATE OF *Maryland*
~~COUNTY~~ OF *Baltimore*
*City*

    I, the undersigned Notary Public, in and for said State and County, hereby certify that on behalf of **TRAVELERS PROPERTY CASUALTY CORPORATION**, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the above and foregoing instrument, he executed the same voluntarily on the day the same bears date.

    Given under my hand and official seal of office this *25th* day of *May*, 2006.

*Donna Jean Bengs*
NOTARY PUBLIC
My Commission expires: *10/1/07*


APPROVED, ORDERED AND ENTERED this *1st* day of *June*, 2006.

*Ira De Ment*
IRA DE MENT
*SENIOR* UNITED STATES DISTRICT JUDGE

14